

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

Case No. 02-80294-CIV-RYSKAMP/VITUNAC

IN RE: EAGLE BUILDING TECHNOLOGIES,
INC., SECURITIES LITIGATION
_____/

### ORDER DENYING DEFENDANT TANNER & COMPANY'S MOTION
### TO DISMISS THE THIRD AMENDED COMPLAINT

THIS CAUSE comes upon Defendant Tanner & Company's ("Tanner") Motion to Dismiss the Third Amended Complaint **[DE 114]**, filed March 4, 2004. Plaintiffs responded **[DE 119]** on March 26, 2004, and Tanner filed its Reply **[DE 124]** on April 7, 2004. This matter is now ripe for adjudication.

### I. Background

This is a securities fraud class action brought on behalf of purchasers of Eagle common stock ("the Class") from November 21, 2000 through February 14, 2002 ("the class period"). Eight cases were filed in this Court by individuals who purchased stock during the class period. Plaintiffs brought suit against Defendants Eagle Building Technologies, Inc. ("Eagle"), a construction and manufacturing company; Anthony Damato and Paul-Emile Desrosiers, Eagle corporate officers; and Tanner, an accounting and consulting firm which audited Eagle's financial statements. On July 31, 2002, these cases were consolidated and lead plaintiff and lead counsel were appointed.

On January 22, 2004, this Court filed its Order **[DE 108]** granting in part and denying in part Tanner's Motion to Dismiss the Second Amended Class Action Complaint. Specifically, the Court found that Plaintiffs had met the scienter pleading requirements of the Private Securities

Litigation Reform Act ("PLSRA"). However, the Court concluded that Plaintiffs did not adequately alleged what Tanner obtained as a consequence of the fraud and that the Complaint should be dismissed for that reason.

On February 6, 2004, Plaintiffs filed their Third Amended Class Action Complaint ("Complaint") **[DE 109]**. Plaintiffs now allege that, in exchange for the issuance of a false and misleading audit report, Tanner gained "receipt of tens of thousands of dollars in fees as well as the enhancement to [Tanner's] reputation as a nationally based accounting firm." *See* Plaintiff's Response, at 2. Plaintiff explains that Tanner received fees as a retainer and for purported audits and quarterly reviews. Tanner also obtained prestige by its engagement of Eagle. To support this allegation, Plaintiff explains that Tanner's website proclaims that Tanner serves "over 40 public reporting companies" and serves "over 30 public SEC registrant companies in a variety of industries." Because such claims are apparently important to Tanner, Plaintiff asserts that the addition of any public reporting companies, such as Eagle, is significant. Tanner moves to dismiss the Complaint, again claiming that Plaintiffs have not properly alleged what Tanner obtained as a consequence of the fraud.

## II. Discussion

### A.     Standard of Law

A court should only grant a motion to dismiss for failure to state a claim "when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also*

Fed. R. Civ. P. 12(b)(6). The complaint need only contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In short, the complaint must give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Conley*, 355 U.S. at 47.

When considering a motion to dismiss, the court must accept the well-pled facts in the complaint as true and construe them in the light most favorable to the plaintiff. *Beck v. Deloitte & Touche, Deloitte, Haskins & Sells, Ernst & Young, L.L.P.*, 144 F.3d 732, , 735 (11th Cir. 1998). As the Eleventh Circuit has noted, "the threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." *In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995) (quotations omitted).

Section 10(b) of the Securities and Exchange Act of 1934 makes it "unlawful for any person . . . to use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange] Commissioner may prescribe." 15 U.S.C. § 78j (1997). The Eleventh Circuit requires a plaintiff alleging securities fraud under Rule 10b-5 to plead 1) a false statement or omission of material fact; 2) made with scienter; 3) upon which the plaintiff justifiably relied; 4) that proximately caused the plaintiff's injury." *Robbins v. Koger Properties, Inc.*, 116 F.3d 1441, 1446 (11th Cir. 1997).

Allegations of security fraud under § 10(b) and Rule 10b-5 are subject to the heightened pleading standards of Federal Rule of Civil Procedure Rule 9(b). Rule 9(b) requires that "in all

averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The purpose of Rule 9(b) is to "ensure that the allegations of fraud are specific enough to provide sufficient notice of the acts complained of" and to "eliminate those complaints filed as a pretext for discovery of unknown wrongs...." *Anderson v. Transglobe Energy Corp.,* 35 F. Supp.2d 1363, 1369 (M.D. Fla. 1999). The Eleventh Circuit has cautioned, however, that "Rule 9(b) must not be read to abrogate Rule 8 ... and a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directive of Rule 9(b) with the broader policy of notice pleading." *Friedlander v. Nims,* 755 F.2d 810, 813 n.3 (11th Cir. 1985).

Generally, in order to survive a Rule 9(b) challenge, the complaint must specify: 1) precisely what statements were made in what documents or oral representations or what omissions were made; 2) the time and place of each such statement and the person responsible for making it (or, in the case of omissions, not making); 3) the content of such statements and the manner in which they misled the plaintiff; and 4) what the defendants obtained as a consequence of the fraud. *Ziemba v. Cascade Int'l, Inc.,* 256 F.3d 1194, (11th Cir. 2001) (citing *Brooks v. Blue Cross and Blue Shield of Florida,* 116 F.3d 1364, 1371 (11th Cir. 1997)).

**B.  9(b) Pleading Requirements**

In its January 22, 2004 Order **[DE 108]**, this Court stated that, in order to survive a Rule 9(b) challenge, a complaint must specify "what the defendants obtained as a consequence of the fraud." *See* Order, at 10. This Court also stated that "the Eleventh Circuit has specifically stated that a complaint must allege what the defendants gained as a consequence of the fraud." *Id.* at

22. Because the Plaintiffs failed to allege what Tanner obtained as a consequence of the fraud, this Court dismissed Tanner's Second Amended Class Action Complaint.

Plaintiffs continue to claim that there is no requirement that they allege what defendants obtained as a consequence of the fraud and that Rule 9(b) may be satisfied in other ways. In essence, Plaintiffs are attempting to relitigate an issue that has already been decided by this Court. As such, Plaintiff's argument fails and cannot be used to ward off dismissal in this matter.

C.  **The Adequacy of Plaintiffs' Allegations**

Despite Plaintiffs' contention that they need not allege what defendants obtained as a consequence of the fraud, Plaintiffs did elaborate in the Complaint on what they believe Tanner received as a result of its alleged fraud. Tanner contends, however, that Plaintiffs still fail to meet their burden under 9(b). First, Tanner argues that Plaintiffs' new allegations only state what Tanner obtained as a result of its engagement by Eagle and not what Tanner received as a result of the fraud. Here Tanner seems to miss the point; it appears that Plaintiffs claim that, without the continued fraud, there would no longer have been an engagement. Thus, as a consequence of the fraud, Tanner received its fees because it was still engaged as Eagle's auditor.

Tanner also argues that, even if Plaintiffs claim that Tanner obtained fees and prestige as a direct consequence of the fraud itself, the allegations are insufficient as a matter of law because "there is no permissible inference that an accounting firm would be willing to risk its reputation for honesty and integrity from a bare allegation that it did the work solely because the fee was paid by a publicly traded company." *See* Tanner's Motion, at 5. Tanner relies on two cases:

*Melder v. Morris*, 27 F.3d 1097 (5th Cir. 1994), and *DiLeo v. Ernst & Young*, 901 F.2d 624 (7th Cir. 1990). Neither case is from this Circuit, and both are inapposite.[1] Moreover, Tanner is confusing the application of 9(b) with the application of the heightened pleading standards for scienter under the PLSRA.[2]

Both *Melder* and *DiLeo* concern the use of a defendant's motive in alleging scienter in a fraud claim. For example, the court in *Melder* stated that 9(b) requires an allegation of what a person obtained by way of an alleged fraud. *See Melder*, 27 F.3d at 1100. Yet the remainder of the decision regards the plaintiff's use of misstatements in its complaint and the plaintiff's failure to adequately plead scienter. The court never discusses what type of allegations are sufficient in pleading what a person obtains through fraud. Instead, the statements Tanner relies upon relate directly to scienter.[3]

In addition, Rule 9(b) cannot be read to abrogate Rule 8, under which it is appropriate to dismiss a complaint only "when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'" *Harper*, 139 F.3d at 1387. This Court already addressed Plaintiffs' scienter allegations and concluded that those allegations provided a sufficient inference of scienter. *See* Order, at 21. The only

---

[1] Apparently there are no cases within this Circuit that discuss for purposes of 9(b) the *adequacy* of allegations concerning what a defendant obtained, as Tanner has failed to lead this Court to any.

[2] Tanner recognizes that these cases were decided before the institution of the PLSRA but declares that the cases are still applicable. However, use of these cases only blurs the distinction between what is required under 9(b) alone and what is required under the PLSRA.

[3] Furthermore, this Court already distinguished a defendant's motive from what a defendant actually obtained. "One goes to *why* the defendant obtained or tried to obtain something; the other goes to *what* the defendant *actually obtained*." *See* Order, at 22. Thus, Tanner's arguments, which rely on cases concerning motive, are unpersuasive.

allegations lacking from Plaintiffs' previous complaint concerned what Tanner obtained as a result of the fraud. Plaintiff has remedied that flaw. Absent Tanner's reliance on inapposite case law, the basis of Tanner's motion is that "it is counterintuitive to assert that a professional firm, hired to perform professional services for a business entity, would participate in fraud for the mere fees it earned or the possible prestige from its engagement." *See* Tanner's Motion, at 7. Yet whether Tanner acted counter intuitively cannot be the basis of a motion to dismiss, as it falls far short of demonstrating beyond doubt that a plaintiff can prove no set of facts in support of its claim. Plaintiffs may prove that Tanner obtained fees and prestige as alleged. Tanner has not shown beyond doubt that Plaintiff cannot.

### III. Conclusion

THIS COURT, after consideration of the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, does hereby

ORDER AND ADJUDGE that Defendant Tanner's Motion to Dismiss the Third Amended Complaint **[DE 114]** is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this __14__ day of April, 2004.

KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided:
All Counsel of Record